## Albacore Corporation *v.* Board of Finance and Revenue.

Argued June 4, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*William P. Thorn,* with him *Samuel H. Levy* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for appellee.

Opinion by Judge Wilkinson, July 11, 1973:

One very narrow but important issue is presented by this appeal. As accurately presented by counsel for appellant in the statement of the questions involved, it is: "May the foreign excise tax be applied in 1965 to an alleged asset that had been disclosed, but not included, in the initial report for 1959 and in the reports for all subsequent years which are now closed by the statute of limitations?" This was answered in the affirmative by the Board of Finance and Revenue. We disagree and must find for the taxpayer.

Appellant, a California corporation, applied to do business in Pennsylvania on July 31, 1959. On August 3, 1959, it purchased a one-third interest in the Packard Building in downtown Philadelphia. It paid $734,728 for the one-third interest, subject to a preexisting mortgage of $5,350,000. Payment of the mortgage was not assumed nor was there any personal liability. In filing its first foreign excise tax report, appellant stated its property to be: "One-third undivided interest in the equity of redemption, above a mortgage which this corporation did not make or assume and as to which it has no obligation by way of indemnity or otherwise to anyone whatsoever" and stated the amount of capital employed to be $734,728. At the end of appellant's fiscal period, the second report showed an increase during the period of $125,886.57. Subsequent reports continued to disclose the mortgage, but excluded it from capital.

These reports continued to be timely filed by appellant. The liabilities for 1959 were settled on July 7, 1960. It was not subsequently challenged nor were any of the intervening reports challenged until the final report was filed in 1965. In the settlement of this final

report, the Commonwealth, for the first and, since this was the final report, only time included the value of the one-third mortgage. The Commonwealth treated it as an increase in capital during this final reporting period.

There is no dispute with regard to the facts of this case and they have been stipulated by counsel.

The Foreign Excise Tax Act, in Section 2, Act of July 25, 1953, P. L. 560, 72 P.S. §1862, subjected foreign corporations to a non-recurring excise tax of one-third of 1% upon the amount of any increase of capital actually employed wholly within Pennsylvania.

In a carefully prepared and ably presented brief and argument, the Commonwealth has stated: "The Act of July 25, 1953, P. L. 560, Section 1, et seq., 72 P.S. 1861, known as 'The Foreign Excise Tax Act', imposed a tax on foreign corporations who had their principal place of business or their principal office in Pennsylvania, or who had any part of their capital actually employed wholly within the State, at the rate of 1/3 of 1% upon the amount of their capital actually employed within the State of Pennsylvania, and a like tax upon each subsequent increase of the capital." We agree and, in our opinion, this concludes the case against the Commonwealth. By no stretch of the imagination can it be said that the unassumed mortgage was "first used" by appellant as capital in Pennsylvania in 1965. If it is capital subject to this tax, which question we expressly do not consider or decide, it was "first used" when the appellant first did business in Pennsylvania in 1959.

The Commonwealth necessarily takes the position that its agent made a mistake in 1959, but argues that the Commonwealth is not estopped by the actions of its agents, relying on *Commonwealth v. Camax*, 83 Dauph. 56 (1964), and *Commonwealth v. I-T-E Circuit Breaker Co.*, 69 Dauph. 265 (1956), and cases therein cited.

We do not disagree with those cases, but they are not applicable. This is not a question of estoppel. If the Commonwealth made a mistake in 1959, Section 1105 of The Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, 72 P.S. §1105, gives the Commonwealth two years after the date of settlement to correct the error. This time has long since passed.

For the foregoing reasons, and in accordance with paragraph 17 of the stipulation of facts, setting forth the appropriate judgment to be entered in the event the Court should sustain the appeal of Albacore, we enter the following

### ORDER

Now, July 11, 1973, judgment is hereby entered in favor of Albacore and against the Commonwealth in the form of a tax credit of $4,088.68 unless exceptions hereto are filed within thirty (30) days of this order. The Chief Clerk is directed to notify the parties or their counsel of this order forthwith.